IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MATTHEW DEL ROSSI, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:26-cv-00035 |
|  | ) | Judge Trauger |
| THOMAS B. DEAN, District Attorney General, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On January 9, 2026, pro se plaintiff and Tennessee resident Matthew Del Rossi filed a Verified Complaint for Declaratory and Injunctive Relief (Doc. No. 1) against Sumner County District Attorney General Thomas B. Dean, asserting claims against the defendant in his official capacity under 42 U.S.C. § 1983. (*Id.* at 2.) The plaintiff also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

**I. APPLICATION TO PROCEED IFP**

The plaintiff's IFP application demonstrates that he is unemployed and does not have sufficient funds on account to pay either the $405 civil filing fee or his reported monthly expenses. He has substantial "inherited assets," but those assets "are not controlled by [the plaintiff] and [he] cannot get money out today." (Doc. No. 2 at 5.) The court therefore finds that he cannot pay the filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); *see also*, *e.g.*, *Shannon v. Omni Logistics LLC*, No. EP-23-CV-384-KC, 2023 WL 8113826, at *1 (W.D. Tex. Nov. 22, 2023) (stating that "IFP status does not require absolute destitution," but should be based on consideration of "whether the

movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life") (citation omitted). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

A. Legal Standard

The court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must also afford the pro se pleading a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

B. Allegations and Claims

The Complaint alleges that, on July 15, 2025, the plaintiff was operating a motor vehicle

in Sumner County "with a firearm stored legally under the passenger seat." (Doc. No. 1 at 2.) He was stopped by law enforcement and subjected to a blood draw, the results of which confirmed that his blood-alcohol content was below the legal limit. (*Id.*) However, those results also "indicated the presence of non-psychoactive THC metabolites." (*Id.*) The plaintiff was not impaired at the time of the stop, but the defendant nonetheless charged him with possessing a handgun while "under the influence," pursuant to Tenn. Code Ann. § 39-17-1321. (*Id.*)

The Complaint claims that Section 39-17-1321 is void for vagueness, in that it "fails to provide fair notice to a person of ordinary intelligence as to what conduct is prohibited, particularly regarding the presence of non-impairing metabolites." (*Id.*) It also claims that the statute unconstitutionally burdens his Second Amendment right to keep and bear arms. (*Id.*) The Complaint asks the court to issue a preliminary and permanent injunction restraining the defendant from enforcing Section 39-17-1321 against the plaintiff, and to declare that the statute is unconstitutional both on its face and as applied to the plaintiff. (*Id.* at 3–4.)

C. Analysis

In conducting the initial review of the Complaint under 28 U.S.C. § 1915(e)(2), the court must also "police the boundaries of [its] own jurisdiction." *Shaw v. Clipper*, No. 1:19CV875, 2019 WL 3207857, at *1 (N.D. Ohio July 16, 2019). The court's jurisdiction to hear and decide the matter before it depends on the plaintiff's standing to sue. *State by & through Tennessee Gen. Assembly v. United States Dep't of State*, 931 F.3d 499, 507 (6th Cir. 2019). As such, "[s]tanding to bring suit must be determined at the time the complaint is filed." *Smith v. Jefferson Cnty. Bd. of Sch. Comm'rs*, 641 F.3d 197, 206 (6th Cir. 2011) (citing *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004)). "When a case is at the pleading stage, the plaintiff must," at an "irreducible constitutional minimum," "clearly allege facts demonstrating each [of three] element[s]":

3

> (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

*State by & through Tennessee Gen. Assembly*, 931 F.3d at 507 (citation and internal quotation marks omitted).

Federal courts only have jurisdiction over actual "cases" or "controversies." U.S. Const. art. III, § 2. Even if the plaintiff has standing to file suit, "[a] case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008) (quoting *L.A. Cnty. v. Davis*, 440 U.S. 625, 631 (1979)). To declare a case moot is effectively "to say[] that although an actual case or controversy once existed, changed circumstances have intervened to destroy standing." *In re: 2016 Primary Election*, 836 F.3d 584, 588 (6th Cir. 2016) (quoting *Allen v. Mansour*, 928 F.2d 404 (Table), 1991 WL 37832, at *1 (6th Cir. Mar. 19, 1991)). Standing is required at the outset of the case, "and mootness picks up the baton from there" to ensure its continuing justiciability. *Sumpter v. Wayne Cnty.*, 868 F.3d 473, 490 (6th Cir. 2017).

It does not appear that the case before the court is justiciable. The court takes judicial notice of the Sumner County Online Court Records System, which reflects that the plaintiff's July 2025 traffic stop resulted in two charges being filed against him in the Sumner County General Sessions Court: (1) "DUI: First Offense" in violation of Tenn. Code Ann. § 55-10-401, and (2) "Possession of Handgun While Under Influence" in violation of Tenn. Code Ann. § 39-17-1321. https://sumner.tncrtinfo.com/crCaseForm.aspx?id=62CFBDBB-7EBD-486A-B224-8DB0B30ED2BF&dsid=957ea97e (last visited Jan. 20, 2026). According to this website, on January 6, 2026—three days before the Complaint was filed in this court—the plaintiff's charge

4

under Section 39-17-1321 was dismissed, and the case was bound over to the grand jury on the DUI charge alone. *Id.* The same website confirms that the plaintiff faces one charge in Sumner County Circuit Court: the "bound over charge" filed against him on January 7, 2026. https://sumner.tncrtinfo.com/crCaseForm.aspx?id=47514E38-186B-41AE-A5E5-E42A9771311F&dsid=34d8dd1f (last visited Jan. 20, 2026). This court may take judicial notice of these "public records and government documents available from reliable sources on the Internet," *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 747 (M.D. Tenn. 2021); *see also Lynch v. Leis*, 382 F.3d at 647 n.5, and any court proceedings and adjudicative facts described therein. *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (finding that "federal courts may take judicial notice of proceedings in other courts of record") (citation omitted); *see* Fed. R. Evid. 201 (allowing judicial notice of adjudicative facts at any stage of the proceedings).

Based on these state-court records, it does not appear that the plaintiff had standing to initiate this action; if he did, his claims subsequently became moot. The Complaint seeks orders (1) enjoining the defendant from enforcing Section 39-17-1321 against the plaintiff, and (2) declaring that the statute is unconstitutional both on its face and as applied to the plaintiff. But those claims to injunctive and declaratory relief became dead letters once the defendant's efforts to enforce Section 39-17-1321 against the plaintiff ended. In other words, once the charge against the plaintiff for violating Section 39-17-1321 was dismissed, there could be no live case or controversy capable of resolution by the requested injunctive or declaratory orders. *See Jones v. Haynes*, 736 F. App'x 585, 588–89 (6th Cir. 2018) ("Parties lack a legally cognizable interest in a case's outcome when events ... make it impossible for the court to grant any effectual relief whatever to a prevailing party.") (citing *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011) (internal quotation marks omitted)). This is so even if the plaintiff could

in theory find himself at odds with Section 39-17-1321 again in the future. *See United States v. Sanchez-Gomez*, 584 U.S. 381, 392 (2018) (finding that "settled rule" is that courts should "refus[e] to assume future criminal conduct" when considering whether plaintiff whose criminal case has ended can survive mootness challenge).

Accordingly, this case must be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. CONCLUSION

For the above reasons, this case is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). The plaintiff's pending Motion to Reassign to District Judge and Declination of Magistrate Jurisdiction (Doc. No. 8) is **DENIED** as moot.

The court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

<br>

Aleta A. Trauger
United States District Judge