# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

MATTHEW DEL ROSSI,      )
     )
     Plaintiff,      )
     )
v.      )      **Case No. 3:26-cv-00035**
     )      **Judge Trauger**
THOMAS B. DEAN, District Attorney      )
General,      )
     )
     Defendant.      )

## MEMORANDUM AND ORDER

I. Procedural History

On January 9, 2026, plaintiff Matthew Del Rossi, proceeding pro se and in forma pauperis,

filed a Verified Complaint for Declaratory and Injunctive Relief (Doc. No. 1, "the Complaint")

against Sumner County District Attorney General Thomas B. Dean, asserting claims against the

defendant in his official capacity under 42 U.S.C. § 1983. (*Id.* at 2.)

On January 27, 2026, the court screened the Complaint under the pauper statute, 28 U.S.C.

§ 1915(e)(2). (Doc. No. 13.) The court summarized the allegations and claims of the Complaint,

as follows:

> The Complaint alleges that, on July 15, 2025, the plaintiff was operating a motor
> vehicle in Sumner County "with a firearm stored legally under the passenger seat."
> (Doc. No. 1 at 2.) He was stopped by law enforcement and subjected to a blood
> draw, the results of which confirmed that his blood-alcohol content was below the
> legal limit. (*Id.*) However, those results also "indicated the presence of non-
> psychoactive THC metabolites." (*Id.*) The plaintiff was not impaired at the time of
> the stop, but the defendant nonetheless charged him with possessing a handgun
> while "under the influence," pursuant to Tenn. Code Ann. § 39-17-1321. (*Id.*)
>
> The Complaint claims that Section 39-17-1321 is void for vagueness, in that it "fails
> to provide fair notice to a person of ordinary intelligence as to what conduct is
> prohibited, particularly regarding the presence of non-impairing metabolites." (*Id.*)

It also claims that the statute unconstitutionally burdens his Second Amendment right to keep and bear arms. (*Id.*) The Complaint asks the court to issue a preliminary and permanent injunction restraining the defendant from enforcing Section 39-17-1321 against the plaintiff, and to declare that the statute is unconstitutional both on its face and as applied to the plaintiff. (*Id.* at 3–4.)

(Doc. No. 13 at 2–3.)

Because the charge under Section 39-17-1321 was dismissed on January 6, 2026, three days prior to the Complaint's filing, the court found that the plaintiff lacked standing to challenge the state statute's constitutionality; or, alternatively, that his challenge had been rendered moot by the dismissal of the charge. (*Id.* at 4–6.) The court therefore dismissed the case without prejudice for lack of subject-matter jurisdiction. (*Id.* at 6.)

Two weeks later, on February 9, 2026, the plaintiff filed a "Motion for Relief from Judgment and to Reopen Proceedings Pursuant to Fed. R. Civ. P. 60(b)(2) & (3)." (Doc. No. 15, "the Post-Judgment Motion".) In the Post-Judgment Motion, the plaintiff asserts that "new material facts have emerged: on January 6, 2026, Judge C. Ron Blanton dismissed the state charges after finding **NO EVIDENCE** of handgun possession. Despite this judicial finding, the Defendant[] initiated a **Bypass Indictment** on February 2, 2026. This demonstrates **Bad Faith** and necessitates the reopening of this federal civil rights action." (*Id.* at 1–2 (emphasis in original).) Then, on February 25, 2026, the plaintiff made a supplemental filing of evidence in support of his post-judgment motion (Doc. No. 16), including (1) a Sumner County court notice advising the plaintiff that his charges of arraignment and indictment include "DUI: First Offense" under Tenn. Code Ann. § 55-10-401, and "Possession of Handgun While Under Influence" under Tenn. Code Ann. § 39-17-1321; and (2) a copy of the grand jury indictment on the single charge of DUI in violation of Section 55-10-401. (Doc. No. 16-1.)

II. <u>Analysis of the Post-Judgment Motion</u>

Despite the Post-Judgment Motion's denomination under Federal Rule of Civil Procedure 60(b), courts "have long treated Rule 60(b) motions filed within 28 days [of judgment] as … Rule 59(e) motions." *Banister v. Davis*, 590 U.S. 504, 520 n.9 (2020) (citing, *e.g.*, *Skagerberg v. Oklahoma*, 797 F.2d 881, 882–883 (10th Cir. 1986)); *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) ("When a party files a motion to reconsider a final order or judgment within [28] days of entry, we will generally consider the motion to be brought pursuant to Rule 59(e)."). Relief under Rule 59(e) is only warranted if the plaintiff identifies a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018).

While the plaintiff may be correct in asserting that the fact of his February indictment is newly discovered evidence that may justify the reopening of this case, his charge of bad faith is easily disposed of— "[g]enerally, the State may seek an indictment by the grand jury subsequent to a dismissal of a warrant and prior to a preliminary hearing, and the indictment starts a new proceeding." *Jones v. Holloway*, No. 2:14-CV-2501-JPM-TMP, 2017 WL 6811990, at *13 (W.D. Tenn. Sept. 22, 2017) (quoting *State v. Whaley*, 51 S.W.3d 568, 570–71 (Tenn. Crim. App. 2000)). The Sumner County Online Court Records System indicates that the plaintiff's case was dismissed by General Sessions Judge C. Ron Blanton on January 6, 2026, after the entry of several orders of continuance and without holding a preliminary hearing. https://sumner.tncrtinfo.com/crCaseForm.aspx?id=62CFBDBB-7EBD-486A-B224-8DB0B30ED2BF&dsid=957ea97e (last visited July 15, 2026). New charges were then filed pursuant to indictment in Sumner County Circuit Court on February 5, 2026, and the plaintiff was subsequently arraigned, had counsel appointed, and received a trial setting in September 2026.

3

https://sumner.tncrtinfo.com/crCaseForm.aspx?id=3CEE179E-66A2-4ABC-8099-EA19BBBEE1D3&dsid=34d8dd1f (last visited July 15, 2026). The plaintiff cites no grounds for deeming these run-of-the-mill criminal proceedings to have been undertaken in bad faith or for purposes of harassment.

Moreover, even if it were otherwise justifiable to reopen this previously non-justiciable case, to do so in the absence of bad faith or a motive of harassment on the prosecution's part would be futile. That is because, as another district court aptly explained:

> Federal courts generally are forbidden "to stay or enjoin pending state court proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41 (1971). *Younger* reversed a lower court injunction which had enjoined a state prosecution of the defendant under a state statute which the lower federal court had found to be void for vagueness and overbreadth in violation of the First and Fourteenth Amendments. *Id.* at 40. *Younger* observed that normally a state-court defendant "should first set up and rely on his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection." *Id.* at 45. For an injunction to issue, plaintiff must show irreparable injury that is both "great and immediate." *Id.* "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* at 46.
>
> …
>
> As with the defendant in *Younger*, the injury [the plaintiff in this case] faces is solely that incident to every criminal proceeding and the threat to his federally protected rights can be eliminated by his defense against the pending prosecution. Plaintiff is not entitled to an injunction even if the statutes under which he is being prosecuted are unconstitutional.
>
> *Younger* also applies to actions seeking a declaration that state statutes, under which the plaintiff is being prosecuted in a state prosecution begun prior to the federal suit, are unconstitutional. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971); *see also*, *Milchtein v. Chisolm*, 880 F.3d 895, 899 (7th Cir. 2018) ("*Younger* applies to requests for declaratory judgments as well as requests for injunctions.") Therefore, plaintiff is not entitled to a declaration that the [state] statutes under which he is being prosecuted are unconstitutional.

*Wigginton v. City of Belvidere*, No. 22 C 50292, 2022 WL 14634952, at *2–4 (N.D. Ill. Oct. 25,

2022).

The criteria for abstention under *Younger*—an ongoing state criminal prosecution, the proceedings involve an important state interest, and the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims, *see Alexander v. Morgan*, 353 F. Supp. 3d 622, 627 (W.D. Ky. 2018)—are met here as they were in *Younger* itself, where the federal plaintiff sought to enjoin "an acute, live controversy with the State and its prosecutor" based on the claimed unconstitutionality of the state criminal statute he was "actually being prosecuted under." *Younger*, 401 U.S. at 41, 42. Abstention would thus be mandatory if this case were reopened, "absent bad faith, harassment, or a patently invalid state statute, [because] federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990); *see id.* ("[U]nlike other forms of abstention, when a case is properly within the *Younger* category of cases, there is no discretion on the part of the federal court to grant injunctive relief.")

As previously discussed, a finding of bad faith or harassment is not justified in this case. While the plaintiff argues in conclusory fashion that his indictment is harassing because it followed dismissal of the matter in General Sessions Court, and is retaliatory because it was procured as punishment for filing the instant lawsuit (Doc. No. 15 at 2), these arguments have no merit. This lawsuit was never served upon the defendant. Moreover, the Sixth Circuit has noted that the "types of threats, or other similar actions," which would trigger the harassment exception include "repeated threats by prosecutors designed to discourage individuals from asserting their constitutional rights." *Doe v. Univ. of Kentucky*, 860 F.3d 365, 371 (6th Cir. 2017). No such harassment is evident here. *Cf. Alexander*, 353 F. Supp. 3d at 629 (bad faith and harassment are "exceptional circumstances" that are "'exceedingly rare") (quoting *Tindall v. Wayne Cty. Friend*

5

*of Court*, 269 F.3d 533, 539 (6th Cir. 2001)).

Finally, although the abstention requirement may be avoided in the case of "a patently invalid" or "flagrant[ly] unconstitutional[]" state statute, *Brennan*, 921 F.2d at 639; *Doe*, 860 F.3d at 371, the plaintiff has not articulated any reason for finding that such an exception applies to the challenged statute, Tenn. Code Ann. § 39-17-1321. He claims that the statute is unconstitutionally vague in that it "prohibits possessing a handgun while 'under the influence' without providing a measurable standard for what constitutes 'under the influence.'" (Doc. No. 1 at 2–3.) The pertinent subsection of the statute criminalizes possession of a handgun "while under the influence of alcohol or any controlled substance or controlled substance analogue," notwithstanding any permit to possess the handgun. Tenn. Code Ann. § 39-17-1321(a). "The term 'driving under the influence' has a common meaning, which has consistently been construed by the courts" as implying substance-related impairment in the ability to drive. *Gov't of Virgin Islands v. Steven*, 962 F. Supp. 682, 686 (D.V.I. 1997), *aff'd*, 134 F.3d 526 (3d Cir. 1998). The plaintiff has a legal argument concerning whether this element is met in his case, where allegedly only non-psychoactive THC metabolites and alcohol below the legal limit were found in his bloodstream, and his counsel may make that argument in defending against his pending criminal charges. But the language of Section 39-17-1321 is not patently invalid or flagrantly unconstitutional. *See Doe*, 860 F.3d at 371 ("For the flagrant unconstitutionality exception, 'a statute might be flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'") (quoting *Younger*, 401 U.S. at 53–54). There are thus no applicable exceptions to the rule that abstention would be required under *Younger* if this case were reopened.

6

III. Conclusion

This case was dismissed without prejudice for lack of subject-matter jurisdiction, based on the January 2026 dismissal of the state's attempt to enforce Section 39-17-1321 against the plaintiff. If the case were reopened based on the February 2026 re-institution of a charge under that same statute, on which charge the plaintiff is currently awaiting trial in state court, it would again be dismissed without prejudice for lack of subject-matter jurisdiction under *Younger*. *See*, *e.g.*, *Doe v. Lee*, No. 3:21-CV-00809, 2022 WL 1164228, at *9 (M.D. Tenn. Apr. 19, 2022) (declining to exercise jurisdiction based on *Younger* and dismissing case without prejudice). Given that "a court should refrain from ordering a vain or futile act," *Pavarthi, LLC v. City of Toledo, Ohio*, No. 3:22-CV-0461-DAC, 2022 WL 3227366, at *4 & n.4 (N.D. Ohio Aug. 10, 2022), this court will not reopen this case only to close it again. The plaintiff's Post-Judgment Motion (Doc. No. 15) is **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

7